**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION (This document relates to ALL ACTIONS except <u>Jenkins v. Nat'l Collegiate Athletic Ass'n</u>, N.D. Cal. No. 14-cv-278-CW), _____ SHAWNE ALSTON; et al.,        Plaintiffs-Appellees, DARRIN DUNCAN,        Objector-Appellant,   v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, The NCAA; et al.,        Defendants-Appellees. | No.    18-15054 D.C. No. 4:14-md-02541-CW MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 16, 2019[]
San Francisco, California

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[***] District Judge.

In the underlying class action, student athletes who attended Division I schools challenge a National Collegiate Athletic Association ("NCAA") bylaw that capped the maximum grant-in-aid at less than the full cost of attendance at those schools.  In January of 2015, after plaintiffs filed suit, the NCAA amended its bylaws to allow member schools to provide up to the full cost of attendance in athletic aid.  As to plaintiffs' damage claims, the parties reached a settlement that requires defendants to pay $208,664,445.00 to some 53,000 class members.[1]  After deducting attorneys' fees and expenses, the average recovery for class members who played sports for four years is approximately $6,000.00.  The district court approved the settlement of plaintiffs' damage claims and awarded $41,732,889.00 in attorneys' fees and $3,184,274.38 in expenses.  Class member Darrin Duncan objected to the fee award and now appeals the district court's approval of the settlement and fee

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

[1]     Plaintiffs' claims for injunctive relief remain pending.

award.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  Duncan's objections relate to the district court's approval of attorneys' fees, not the settlement itself.  Duncan first argues that the district court erred by approving a fee award of 20 percent of the settlement fund.  We review the district court's "'award of fees and costs to class counsel, as well as its method of calculation,' for abuse of discretion."  In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 942 (9th Cir. 2015) (quoting In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 940 (9th Cir. 2011)).  The district court has broad authority to award reasonable attorneys' fees and nontaxable costs that are authorized by law or the parties' agreement.  Fed. R. Civ. P. 23(h).  "To calculate the fee in a common-fund case, the district court 'has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award.'"  Stetson v. Grissom, 821 F.3d 1157, 1165 (9th Cir. 2016) (quoting Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1006 (9th Cir. 2002)).  Here, the district court used the percentage-of-the-fund method.  Duncan does not challenge the district court's choice of methodology, but rather its application.

We have permitted awards of attorneys' fees ranging from 20 to 30 percent of settlement funds, with 25 percent as the benchmark award.  See, e.g., Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002); Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989).  "The question is not whether the

district court should have applied some other percentage, but whether in arriving at its percentage it considered all the circumstances of the case and reached a reasonable percentage." Vizcaino, 290 F.3d at 1048. Here, the district court found that an award of 20 percent was reasonable because (1) the fee request was well below the benchmark of 25 percent, (2) counsel achieved exceptional results, (3) counsel bore significant risk in this complex case, (4) the nature of the representation and the efforts and costs expended by plaintiffs' counsel were all contingent, (5) such an award is consistent with fee awards in analogous cases, and (6) such an award does not constitute a windfall for counsel. The district court also found that using a lodestar crosscheck with a multiplier of 3.66, the fee award of 20 percent was reasonable.

Duncan argues that a fee award of 20 percent and a 3.66 multiplier of the lodestar is excessive because this is a "mega-fund" case with a settlement of more than $200 million. The district court rejected Duncan's objection based on the large size of the recovery because (1) an award of 20 percent was less than the percentage awarded in the comparably sized cases that we cited in Vizcaino and (2) counsel's efforts led to the "exceptional, mega-fund results." The district court did not abuse its discretion in finding that the large size of the settlement fund did not warrant a reduction of the 20 percent fee award.

2.      Duncan next argues that the district court abused its discretion when it

did not include litigation expenses in calculating the percentage award. Duncan waived this argument because he did not raise it in the district court, and at any rate, the objection lacks merit. We allow a district court to calculate the percentage of attorney fees based on either the gross or net fund. See In re Online DVD-Rental, 779 F.3d at 953 ("The district court did not abuse its discretion in calculating the fee award as a percentage of the total settlement fund, including notice and administrative costs, and litigation expenses."); Powers v. Eichen, 229 F.3d 1249, 1258 (9th Cir. 2000) ("[T]he reasonableness of attorneys' fees is not measured by the choice of the denominator."). Accordingly, we conclude that the district court did not abuse its discretion when it calculated the percentage without including expenses in the numerator.[2]

3.      Finally, Duncan argues that the district court abused its discretion in using the percentage-of-the-fund method because it failed to properly perform a lodestar crosscheck. In particular, Duncan objects to the district court's reliance on summary billing of counsel's fees and its failure to request background information that would have, he contends, revealed that the lodestar was inflated.

The district court must gather sufficient information so that the lodestar is a meaningful crosscheck of the percentage-of-the-fund method. Even so, the district

---

[2]      Plaintiffs note that Duncan's preferred calculation would make little difference, as it would only raise the percentage from 20.31 percent to 21.53 percent, still well below the 25 percent benchmark.

court may rely on attorney fee summaries rather than actual billing records. See In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 306–07 (3d Cir. 2005) (noting that "[t]he lodestar cross-check calculation need entail neither mathematical precision nor bean-counting" and that "[t]he district courts may rely on summaries submitted by the attorneys and need not review actual billing records"). Here, after reviewing class counsel's initial declarations that summarized the lodestar calculation, the district court ordered counsel to provide more detailed information including a summary of the hours spent on various categories of activities, such as motions, depositions, document review, and court appearances. In addition, because the settlement only resolved plaintiffs' claims for damages, the district court ordered counsel who had not already done so to specify whether their activities billed related only to such claims. Based on the initial and supplemental declarations, the district court did not abuse its discretion in calculating a lodestar of $11,398.158.30 for purposes of a crosscheck on the reasonableness of the 20 percent fee award.[3]

4.     As noted, Duncan appealed the district court's approval of the settlement. His briefs, however, do not challenge the settlement generally, but instead concern only the district court's award of attorneys' fees. Plaintiffs ask us

---

[3]     Duncan's arguments, which largely nitpick the fee award, would be more compelling if he had attended the hearing and actually produced evidence of contractual attorney rates, customary fee rates, etc., or shown how different numbers would have impacted the lodestar analysis. Instead, in the district court, Duncan advocated for the percentage of the fund method because it did not involve a prolonged lodestar calculation.

to impose sanctions on that basis, arguing that the appeal of the settlement approval has not actually been prosecuted and is delaying the distribution of funds to class members. But to address this concern, plaintiffs could have moved the district court to require Duncan to post an appeal bond. See Fed. R. App. P. 7. Moreover, although plaintiffs contend that Duncan's appeal is unrelated to the district court's settlement approval, we have held that "[a]ttorneys' fees provisions included in proposed class action settlement agreements are, like every other aspect of such agreements, subject to the determination whether the settlement is 'fundamentally fair, adequate, and reasonable,'" Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)), and so the reasonableness of the settlement is not wholly distinct from the reasonableness of attorneys' fees, as plaintiffs suggest. We therefore disagree that Duncan's appeal of the approval settlement was purely vexatious, and so deny the motion for sanctions.

**AFFIRMED.**

18-15054